# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY BLAND<br>    PLAINTIFF<br><br>V.<br><br>UNION PACIFIC RAILROAD COMPANY<br>    DEFENDANT | CASE NO. 4:17CV00705 SWW |

## ORDER

In this employment dispute, Timothy Bland ("Bland") claims that his former employer, Union Pacific Railroad Company ("Union Pacific"), discriminated against him because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Before the Court is Union Pacific's motion to stay the proceedings pending the outcome of a related class action in which Bland is a putative class member [ECF No. 21], Bland's response in opposition [ECF No. 22], and Union Pacific's reply [ECF No. 24]. After careful consideration, and for reasons that follow, the motion is denied.

Bland alleges that Union Pacific required him to undergo a color vision test after he had worked for the company as a locomotive engineer for seventeen years. Based on the test results, Union Pacific restricted Bland from working as an engineer or on any job that required accurate color identification of signal lights. Bland alleges that he has a rare

1

form of colorblindness that allows him to distinguish colors but causes him to have a different-than-normal perception of color.  According to Bland, his condition does not affect his ability to work as an engineer, and his doctors agreed that he could return to work.  Bland further alleges that after Union Pacific removed him from the engineer position, he applied for virtually every job that Union Pacific had available in the United States, including jobs for which color vision is not required, but he was denied employment.

In *Harris v. Union Pacific Railroad Company*, Case No. 8:16CV00381 JFB-SMB (D. Neb), the United States District Court for the District of Nebraska certified a class action against Union Pacific, charging disability discrimination in violation of the ADA.[1] It is undisputed that Bland is listed as a putative plaintiff in *Harris*,[2] but it is far from clear that this case and *Harris* involve similar factual and legal questions such that concurrent litigation would present a danger of inconsistent results or duplicated judicial effort.  Additionally, after Union Pacific filed its motion to stay this case, the Eighth Circuit granted Union Pacific's petition for permission to appeal the order granting class certification in *Harris*, and the parties agreed to stay proceedings in the District Court of Nebraska pending appeal.

---

[1] ECF No. 21-1.  The order granting class certification states that Union Pacific implemented a company-wide, fitness-for-duty program that required employees to self-report specifically-enumerated health conditions, including but not limited to certain vision-related conditions or events.  The order granting class certification states that employees who self-reported the health conditions were "were pulled from their jobs . . . , evaluated, and then excluded from their positions . . even though they had no trouble fulfilling the essential functions of their jobs."
[2] Bland indicates that he will opt out of the *Harris* class, which the District Court of Nebraska certified under Rules 23(b)(2) and 23(b)(3).  The Court notes that Rule 23(b) provides no opportunity for (b)(2) class members to opt out.

IT IS THEREFORE ORDERED that the motion to stay [ECF No. 21] is DENIED.

IT IS SO ORDERED THIS 27TH DAY OF JUNE, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE